MANDATE

20-3985-cv
*Gonzalez de Fuente v. Preferred Home Care of New York LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand twenty-one.

Present:

    GUIDO CALABRESI,
    WILLIAM J. NARDINI,
        *Circuit Judges*,
    GARY S. KATZMANN\*
        *Judge*.

_____

YNES M. GONZALEZ DE FUENTE, individually and on behalf of all others similarly situated, MARIYA KOBRYN, individually and on behalf of all others similarly situated, IVAN KOBRYN, individually and on behalf of all others similarly situated,

    *Plaintiffs-Appellants*,

    v.                            20-3985-cv

PREFERRED HOME CARE OF NEW YORK LLC, EDISON HOME HEALTH CARE, HEALTHCAP ASSURANCE, INC., BERRY WEISS, SAMUEL WEISS,

---

\* Judge Gary S. Katzmann, of the United States Court of International Trade, sitting by designation.

1

MANDATE ISSUED ON 06/28/2021

HEALTHCAP ENTERPRISES, LLC, MARK REISMAN, GREGG SALZMAN, SHAYA MANNE, DANIEL ELLENBERG, AMIR ABRAMCHIK, DOV FEDER,

    *Defendants-Appellees.*

DOES, 1-15, Inclusive,

    *Defendants.*

_____

| | |
|---|---|
| For Plaintiffs-Appellants: | CATHA WORTHMAN, Feinberg, Jackson, Worthman & Wasow LLP, Berkeley, CA (Daniel M. Feinberg, Feinberg, Jackson, Worthman & Wasow LLP, Berkeley, CA; Laureve D. Blackstone and Ryan J. Barbur, Levy Ratner P.C., New York, NY, *on the brief*) |
| For Defendants-Appellees Preferred Home Care of New York LLC, Edison Home Health Care, Berry Weiss, Samuel Weiss, Mark Reisman, Gregg Salzman, Shaya Manne and Daniel Ellenberg: | EMILY SEYMOUR COSTIN, Alston & Bird, Washington, DC (H. Douglas Hinson, Alston & Bird LLP, Washington, DC; Meir Feder, Jones Day, New York, NY; Evan Miller, Jones Day, Washington, DC; Peter C. Godfrey, Hodgson Russ LLP, Buffalo, NY, *on the brief*) |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Ynes M. Gonzalez de Fuente, Mariya Kobryn, and Ivan Kobryn (the "plaintiffs"), appeal from an order dismissing their complaint entered on October 9, 2020, in the United States District Court for the Eastern District of New York (Ann M. Donnelly, *J.*). In November 2018, the plaintiffs—certified home health aides

("HHAs") in New York City participating in an employee benefit plan (the "Plan")—brought this class action against their employers, (1) Preferred Home Care of New York LLC ("Preferred") and its President and Chief Executive Officer, Berry Weiss, and (2) Edison Home Health Care ("Edison") and its President and Chief Executive Officer, Samuel Weiss, as well as (3) the Plan's captive insurance company, HealthCap Assurance, Inc. ("HealthCap"). In April 2019, the plaintiffs filed an amended complaint adding as defendants (4) four trustees of the Plan, (5) HealthCap's parent company HealthCap Enterprises LLC, and (6) HealthCap Enterprises LLC's individual owners (collectively, together with those above, the "defendants"). The plaintiffs alleged that the defendants misappropriated employer contributions to the Plan, made pursuant to the New York State Home Care Worker Wage Parity Law, Public Health Law § 3614-c (the "Wage Parity Law"), by retaining millions of dollars in HealthCap rather than using those funds to provide superior health benefits for Plan participants. The plaintiffs further alleged that they faced high out-of-pocket costs and difficulty accessing health benefits under the Plan. The plaintiffs brought claims under the Wage Parity Law and Sections 406(a), 406(b), 502(a)(2), and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, on behalf of a putative class of Plan participants and beneficiaries.

Following the Supreme Court's decision in *Thole v. U.S. Bank N.A*, 140 S. Ct. 1615 (2020), the district court dismissed the plaintiffs' complaint for lack of standing on the

ERISA claims (and declined to exercise supplemental jurisdiction over the New York Wage Parity claim), finding that the plaintiffs had "not claimed concrete harm under ERISA" because they did not allege that they were denied any healthcare benefits included in the Plan and "an alleged violation of ERISA's duties of loyalty and prudence does not alone confer standing." *Gonzalez de Fuente v. Preferred Home Care of New York LLC*, No. 18-CV-6749, 2020 WL 5994957, at *3 (E.D.N.Y. Oct. 9, 2020). On appeal, the plaintiffs contend that their case is distinguishable from *Thole* because the Wage Parity Law makes their healthcare benefits "more akin to a defined contribution than a defined benefit plan," such that the alleged misappropriation of Plan funds caused them concrete injuries in the form of increased out-of-pocket costs and reduced coverage. Appellants' Br. at 21–23, 28. We assume the reader's familiarity with the record.

"To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole*, 140 S. Ct. at 1618. "We review de novo the district court's determination on standing. 'Because standing is challenged on the basis of the pleadings, we accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 357 (2d Cir. 2016) (quoting *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008)).

4

The district court correctly determined that the plaintiffs lack standing to bring their ERISA claims. It is "private parties, not the government, [who] control the level of benefits" under an ERISA health benefit plan. *Burgio & Campofelice, Inc. v. New York State Dep't of Labor*, 107 F.3d 1000, 1007 (2d Cir. 1997) (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 511 (1981)). ERISA therefore requires fiduciaries to discharge their duties "in accordance with the documents and instruments governing the plan" rather than any particular accounting formula. *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013) (quoting 29 U.S.C. § 1104(a)(1)(D)). Here, the plaintiffs did not allege that they were denied any health benefits promised under the Plan, nor did they allege that the Plan was insolvent or otherwise incapable of continuing to provide covered health benefits. Instead, the plaintiffs suggest that, but for HealthCap's alleged retention of Plan funds, they might have received *better* health benefits or a cash alternative. Yet the only legal basis plaintiffs invoke to support that challenge is the Wage Parity Law, which forbids HHA employers from retaining any "portion of the dollars spent or to be spent to satisfy the wage or benefit portion" of employee compensation. N.Y. Pub. Health Law § 3614-c(5)(a). As far as ERISA is concerned, the plaintiffs "have received all of their [promised health] benefits so far, and they are legally entitled to receive the same" benefits for the remainder of their employment at Preferred and Edison. *Thole*, 140 S. Ct. at 1622. Because winning or losing on their ERISA claims "would not change the plaintiffs' [health] benefits," they "have no concrete stake in this dispute and therefore lack Article III

standing." *Id*. Of course, neither our Court nor the district court has expressed any view on the Wage Parity claim, over which we do not exercise supplemental jurisdiction.

The district court did not err in denying the plaintiffs leave to amend their complaint, because they have not shown that they could cure their lack of standing on their ERISA claims. In fact, they represented to the district court that they planned to bring a "more specific" formulation of "the same allegations" concerning the alleged misappropriation and its putative effect on their health benefits under the Plan. Sp. App'x at 12. Denial of leave to amend is appropriate where, as here, the plaintiffs "already amended [their] complaint once following [the defendants'] first motion to dismiss for failure to state a claim" and have since "entirely failed to specify how [they] could cure its pleading deficiencies." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 506 (2d Cir. 2014).

\*   \*   \*

We have considered the plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit